

**FILED**
**Oct 24, 2018**
**08:55 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | |
|---|---|
| **WILLIAM GIBSON,** <br> Employee, | )    **Docket Numbers: 2017-02-0449** |
| v. | ) |
| **DAWN OF HOPE DEVELOPMENT CENTER, INC.,** <br> Employer, | )    **State File Number: 7430-2018** |
| and | ) |
| **STARNET INSURANCE CO.,** <br> Carrier. | )    **Judge Brian K. Addington** |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This claim came before the undersigned Workers' Compensation Judge on October 16, 2018, upon Dawn of Hope's Motion for Summary Judgment. Mr. Gibson did not appear for the hearing.

### Procedural History

Before the alleged work injury, Mr. Gibson suffered with a hernia and sought treatment with Dr. Kenneth Cutshall. Dr. Cutshall stated that the hernia was a recurrent incisional hernia from a prior repair. He did not relate it to any event at work on April 17, 2017. Mr. Gibson then alleged a hernia that occurred at Dawn of Hope on April 15, 2017. Dawn of Hope did not accept his claim. Mr. Gibson sought medical treatment at his own expense with Dr. Cutshall.

Because Dawn of Hope refused to pay for any medical treatment, Mr. Gibson filed a Request for Expedited Hearing. Later, Dawn of Hope filed an Amended Motion for Summary Judgment.

1

## Findings of Fact and Conclusions of Law

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018).

Dawn of Hope must do one of two things to prevail on its motion for summary judgment: (1) submit affirmative evidence that negates an essential element of Mr. Gibson's claim, or (2) demonstrate that Mr. Gibson's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2017); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Dawn of Hope is successful in meeting this burden, Mr. Gibson "may not rest upon the mere allegations or denials of its pleading." *Id.* at 265. Rather, he must respond by producing evidence that sets forth specific facts showing there is a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06. He must do more than simply show that there is some metaphysical doubt as to the material facts. *Rye*, at 265.

To determine whether summary judgment is appropriate, the Court looks to whether there are genuine issues of material fact on the essential elements of Mr. Gibson's claim. In doing so, the Court must review the evidence in the light most favorable to Mr. Gibson as the nonmoving party and draw all reasonable inferences favoring him. *Payne v. D and D Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *12 (May 4, 2016).

Dawn of Hope's summary judgment motion requires Mr. Gibson to submit evidence establishing the essential elements of his claim. The Court finds Dawn of Hope demonstrated that Mr. Gibson's medical proof is insufficient to establish an essential element of his claim. No physician has concluded that Mr. Gibson's complaints relate to his alleged work injury or primarily arose from his work. Rather, Dr. Cutshall stated Mr. Gibson's hernia was a recurrent incisional hernia from a prior hernia repair and predated the alleged injury date.

To establish a compensable claim for a hernia or rupture, Mr. Gibson must prove: 1) there was an injury resulting in a hernia or rupture; 2) the hernia or rupture appeared suddenly; 3) it was accompanied by pain; 4) the hernia or rupture immediately followed the accident; and 5) the hernia or rupture did not exist prior to the date of the accident for which compensation is claimed. Tenn. Code Ann. § 50-6-212. An employee must establish that the facts of his injury satisfy all five requirements. If he fails on one, his claim fails.

The Court finds the medical records do not support Mr. Gibson's claim that he sustained a new work-related hernia. He reported symptoms relating to an incisional hernia to Dr. Cutshall as early as March 29, 2017. In his treatment record, Dr. Cutshall noted "he does not recall doing anything specific to cause the hernia." He also noted that

Mr. Gibson's hernia was a recurrent incisional hernia from a prior hernia repair. Therefore, the only expert medical evidence presented at this point indicated Mr. Gibson's hernia existed *before* the alleged work injury.

Mr. Gibson cannot rely on his personal belief that the work incident caused his hernia. Instead, he must come forward, at this summary judgment stage, with expert medical proof demonstrating his hernia arose primarily out of and in the course and scope of his employment with Dawn of Hope. He has not done so. Therefore, the Court concludes no genuine issue of material fact exists and summary judgment is appropriate as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Gibson's claim is dismissed with prejudice.

2. Dawn of Hope shall pay the $150.00 filing fee to the Clerk of the Court under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2018) within five business days of entry of this order.

3. Dawn of Hope shall file an SD-2 within ten business days of entry of this order.

4. Absent an appeal of this order, it shall become final thirty calendar days after issuance.

**ENTERED October 24, 2018.**

/S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Order was sent to the following recipients by the following methods of service on October 24, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|---------------|-----|-------|------------------|
| William Gibson, Employee | | | X | chefwilliamgibson@gmail.com |
| Kelly Campbell, Employer's Attorney | | | X | kcampbell@wimberlylawson.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**COMPENSATION HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

**Notice**

Notice is given that _____
[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.
[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**List of Parties**

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

**Appellee(s)**
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

**CERTIFICATE OF SERVICE**

I,_____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| AFDC | $ _____ per month | beginning _____ |
|---|---|---|
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                 RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries      $ _____ per month     Telephone     $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water      $ _____ per month     Clothing     $ _____ per month

Gas      $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support     $ _____ per month

Car      $_____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____